STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. W.A. HERMAN, RESPONDENT.

501 N.W.2d 717

Filed June 25, 1993.    No. S-93-300.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

In this disciplinary action, the Nebraska State Bar Association (Association) has filed formal charges against attorney W.A. Herman. Herman, despite being personally served with a copy of the charges, has failed to respond. We thus grant the Association's motion for judgment on the pleadings and order Herman disbarred.

On July 24, 1992, the Association's Counsel for Discipline received a complaint alleging misconduct by Herman. After Herman had been informed of the complaint and failed to respond, a formal hearing was held to review the allegations. Following the hearing, the Association's Disciplinary Review Board issued a report in which it found Herman guilty of a number of ethical violations. Concluding its report, the board found that Herman should be disciplined, but that reprimand was inappropriate.

The report and complaint attribute the following acts of misconduct to Herman:

In May 1987, the complainant was injured at work and was subsequently discharged. The complainant (client) subse-

quently retained Herman to handle her workers' compensation and wrongful discharge claims. Pursuant to that agreement, Herman and the client signed a fee agreement in which the parties agreed to a fee of $50 per hour and a $500 retainer for Herman's handling of the workers' compensation suit. The parties also entered into a fee agreement for the wrongful discharge suit.

It appears that Herman did not adequately keep the client apprised of the status of the workers' compensation suit, failing to respond to most of her phone calls and letters. Although the suit was eventually settled, Herman retained a 25-percent contingency fee as his compensation, in direct contravention of the parties' fee agreement. Herman also failed to return any of the $500 retainer.

Following settlement of the workers' compensation suit, Herman again failed to adequately apprise the client concerning the wrongful discharge suit. Herman did have the client write $92 in checks to cover "filing fees" and "sheriff fees," and he eventually had the client sign a petition for the suit. However, despite informing the client to the contrary, Herman failed to file the petition. The client eventually learned that her suit had not been filed and that the limitations period on the claim had run. Herman failed to return any of the $92 in fee payments to the client. Herman also failed to account for the time and costs spent on each litigation.

In its report, the board also recounted a portion of Herman's testimony at the disciplinary hearing. Herman admitted that he had failed to return the $592 to the client. He further stated that the $500 had been used to pay for, among other things, gas. Finally, Herman's testimony indicated that he had deposited the $92 in an account which also contained personal funds.

Based on the preceding findings by the board, formal charges were filed against Herman. Although personally served with a copy of the charges, Herman failed to respond within the required timeframe. The Association thus moved for judgment on the pleadings, pursuant to Neb. Ct. R. of Discipline 10(I) (rev. 1992).

We find that the requirements of rule 10 have been satisfied and see no reason that judgment on the pleadings should not be

granted. With regard to the sanction, we find that Herman should be disbarred. Herman's conduct, which the board found to have occurred, violates Canon 1, DR 1-102(A)(1), (4), and (5); Canon 6, DR 6-101(A)(3); Canon 7, DR 7-101(A)(2); and Canon 9, DR 9-102(B)(3) and (4), of the Code of Professional Responsibility. As a result of Herman's actions, his client has been deprived of substantial sums of money and a cause of action. Such conduct cannot and will not be tolerated. We thus order Herman disbarred from the practice of law in Nebraska, effective immediately.

JUDGMENT OF DISBARMENT.

WHITE, J., not participating.